UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES LEWIS RODGERS,

    Plaintiff,

        v.                         CAUSE NO. 3:20-CV-738-JD-MGG

MATT HASSEL, et al.,

    Defendants.

OPINION AND ORDER

James L. Rodgers, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Rodgers alleges that he experienced numerous issues during his time at the Marshall County Jail in 2019, including overcrowded cells, unsanitary conditions, exposure to other inmates with contagious diseases, limited recreation, and diminished food portions. He also raised these allegations in *Rodgers v. Marshall County*

*Jail*, 3:19-cv-771 (N.D. Ind. dismissed Dec. 5, 2019) ("*Rodgers I*"), which suggests that claim preclusion, also known as res judicata, may apply. "The doctrine of res judicata is that a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating not only the issues which were in fact raised and decided but also all other issues which could have been raised in the prior action." *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982). "The essential elements of the doctrine are generally stated to be: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* In the context of claim preclusion, "privity" is "a descriptive term for designating those with a sufficiently close identity of interests." *Tice v. American Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998).

The court dismissed *Rodgers I* as abandoned after finding that the complaint did not state a claim upon which relief could be granted and after Rodgers declined to file an amended complaint.[1] "A dismissal under Rule 12(b)(6) is an adjudication on the merits." *Taha v. International Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 472 (7th Cir. 2020). Further, the allegations from both cases "arise out of a common core of operative facts" and thus share an identity of the cause of action. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Additionally, the parties in each of the cases are privies

---

[1] The order of dismissal could also reasonably be interpreted as an involuntary dismissal for failure to prosecute, which would also operate "as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b).

because they share an identity of interests; in *Rodgers I*, Rodgers named the Marshall County Jail as the defendant, and, here, he names Sheriff Hassel and Sergeant Holcomb as defendants because they were "the two in charge of the jail." ECF 1 at 2. Therefore, Rodgers may not proceed on the allegations regarding overcrowded cells, unsanitary conditions, exposure to other inmates with contagious diseases, limited recreation, or diminished food portions because they are barred by claim preclusion.

Rodgers also alleges that, after he arrived at the Marshall County Jail, he submitted grievances to Sergeant Holcomb regarding his prescription glasses. On June 18, 2020, Sergeant Holcomb told him that he could arrange for his family to drop them off. On June 22, a family member delivered them to Sergeant Holcomb, who gave them to Officer Crawford, who gave them to Rodgers. On June 26, he received a receipt indicating that he was charged fifteen dollars for the glasses.

It appears that Rodgers asserts a claim against Sergeant Holcomb for improperly charging him fifteen dollars for his own glasses. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a State can fulfill its obligation to provide procedural due process by implementing a method by which an individual can seek appropriate remedies. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Indiana has satisfied its obligation to provide procedural due process by implementing the Indiana Tort Claims Act, Ind. Code 34-13-3, *et seq.*, which allows individuals to file lawsuits and to seek compensation for property losses caused by government employees. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Because the State of

Indiana provides adequate procedural due process for property losses, this claim is dismissed.

Though the complaint states no valid claims, the court will grant Rodgers the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, he should file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS James Lewis Rodgers until <u>November 12, 2020</u>, to file an amended complaint; and

CAUTIONS James Lewis Rodgers that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on October 13, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT